Filed 11/8/23  Van Du v. L.A. County Employee Relations Com. CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION FIVE

| | |
|---|---|
| BINH VAN DU,<br><br>       Petitioner and Appellant,<br><br>v.<br><br>LOS ANGELES COUNTY EMPLOYEE RELATIONS COMMISSION et al.,<br><br>       Respondents. | B319663<br><br>(Los Angeles County Super. Ct. No. 20STCP00562) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Mitchell L. Beckloff, Judge.  Affirmed.

Pelayes & Yu, Tom Yu; Law Offices of Joseph N. Bolander and Joseph N. Bolander for Petitioner and Appellant.

Sanders Roberts, Shawn P. Thomas, and Eric S. Mintz for Respondent Los Angeles County Employee Relations Commission.

Rains Lucia Stern St. Phalle & Silver, Jacob A. Kalinski, and Brian P. Ross for Respondent Association for Los Angeles Deputy Sheriffs.

Petitioner and appellant Binh Van Du (Deputy Van Du) is a Los Angeles County Deputy Sheriff who received a written reprimand for engaging in conduct the specifics of which the appellate record does not reveal; the best we can say is that the reprimand was for what Deputy Van Du alleges was a "violation of Policy of Equality – Inappropriate Conduct Toward Others." Deputy Van Du filed a grievance with the Los Angeles County Sheriff's Department (the Department) challenging the reprimand and, after informal and formal proceedings in the Department, the reprimand stood. Deputy Van Du then attempted to initiate, on his own, an arbitration procedure agreed to by the County of Los Angeles (the County) and the Association for Los Angeles Deputy Sheriffs (the Sheriffs' Association) in an October 2018 Memorandum of Understanding (the MOU). The Los Angeles County Employee Relations Commission (the Commission), the entity that administers the arbitration procedure, denied the arbitration request because the MOU permits only the Sheriffs' Association, not individual deputies, to initiate arbitrations. We consider whether Deputy Van Du has shown the Commission violated a ministerial duty to initiate an arbitration at his request, and in resolving that question, we focus on whether Deputy Van Du has alleged his grievance is an arbitrable dispute.

# I. BACKGROUND

## A. *The MOU: Grievance Procedures and Arbitration*

The County is empowered to negotiate with certified employee organizations[1] to establish a procedure for handling employment disputes arising within its bargaining units. Specifically, "[t]he [C]ounty and a certified employee organization may negotiate an agreement providing for final and binding arbitration of unresolved grievances . . . . The processes for these arbitrations shall be established by agreement of the parties." Since 1976, the Sheriffs' Association has been the certified majority representative for Peace Officers, Unit 611 (Unit 611), which covers deputy sheriffs.

The County and the Sheriffs' Association entered into the MOU governing relations between the County's management and Unit 611. Article 16 of the MOU provides that "individual departmental grievance procedures in effect in [the Department] (attached hereto as Appendix "B") . . . will be fully effective as the grievance procedure applicable to the employees in" Unit 611.

Appendix B to the MOU provides for up to a three-step grievance procedure. The first step (which an employee may waive) is an "informal" process involving discussions between an aggrieved employee and his or her first and second-level supervisors. If that informal process does not resolve the dispute, under the second step of the procedure, "the employee may file a formal written grievance with his/her third level supervisor or

---

[1] A "certified employee organization" is defined as "an employee organization . . . that has been certified by [the Commission] as representing the majority of the employees in an appropriate employee representation unit."

3

middle management representative." If that does not resolve the dispute, "the employee may [then] submit his/her written grievance . . . to his/her Division Chief" and the matter will be decided by a Review Board consisting of the division chief, the area commander in the employee's chain of command, and a maximum of two sworn members of the Sheriff's Department that may be selected by the employee.

After conclusion of the formal grievance process, arbitration is the only remaining dispute resolution procedure provided for in Appendix B. Section 6 of Appendix B, which governs arbitration, is the crux of this appeal. It provides that "[w]ithin ten . . . business days from the receipt of the written decision of the department head or his designated representative, an employee, only if he/she is represented by [the Sheriffs' Association], may request that the grievance be submitted to arbitration as provided for hereinafter." Section 6, however, also places subject matter limitations on the type of disputes that can be arbitrated. It states "[o]nly those grievances which directly concern or involve the interpretation or application of the specific terms and provisions of this [MOU] and which are brought by an employee who was represented by [the Sheriffs' Association] in any steps of the grievance procedure may be submitted to arbitration hereunder." As stated in Section 6, paragraph 3, "In the event [the Sheriffs' Association] desires to request a grievance which meets the requirements of [the aforementioned subject matter limitation provision] be submitted to arbitration, [the

4

Sheriffs' Association] shall . . . send a written request to [the Commission] . . . ."[2]

After a written request for arbitration by the Sheriffs' Association has been accepted and processed by the Commission, "a representative of the County and [the Sheriffs' Association] shall meet and prepare a submission statement setting forth the issue(s) to be determined which shall be submitted to the arbitrator" prior to the arbitration hearing. Section 6 of Appendix B to the MOU further provides that the decision of the arbitrator is "binding upon [the Sheriffs' Association]" and on the County (unless it requires legislative action by the County's Board of Supervisors); no mention is made of whether the arbitrator's decision is binding on the employee whose grievance ultimately led to the arbitration.

### B. *Deputy Van Du's Writ Petition Challenging the Commission's Denial of His Arbitration Request*

Deputy Van Du filed a petition for writ of mandate in February 2020, and an amended petition in August of that year, asserting the Commission violated its ministerial duty to initiate

---

[2] The Commission is an independent agency of the County; its mission is to ensure all County employees are "fairly treated, that their rights are maintained, and that their requests are fairly heard, considered and resolved." Although the availability of the arbitration procedure is determined by agreement between the County and certified employee organizations, the Commission is responsible for "[e]stablishing formal rules and procedures to provide for the orderly and systemic presentation, consideration, and resolution of employee relations matters," including "rules for the requests for arbitration."

5

the MOU's arbitration procedure in response to his request for arbitration. The operative petition says little about the dispute that led to Deputy Van Du's grievance and arbitration request. All it avers is that he received a written reprimand from the Department in August 2019 "for violation of Policy of Equality – Inappropriate Conduct Toward Others."

The operative petition does allege Deputy Van Du completed the formal grievance process provided for in Appendix B to the MOU and the written reprimand was upheld.[3] In the operative petition's words, "[s]ince the Department denied [Deputy Van Du's] grievance process, the next step is to appeal the discipline by arbitration through [the Commission]." The operative petition accordingly alleges that Deputy Van Du filed a request for arbitration with the Commission but the Commission's Executive Director advised him the request for arbitration was denied because it was not initiated by the Sheriffs' Association.

A copy of the form request for arbitration that Deputy Van Du submitted to the Commission is attached as an exhibit to the operative petition. In response to the form's direction to identify the section of the MOU under which the request for arbitration was made, Deputy Van Du identified Article 16 of the MOU and the associated Appendix B (the grievance procedure provisions). In response to the form's direction to identify the article or

---

[3] A later-filed declaration from a Sheriffs' Association defense representative states Deputy Van Du met with the representative but elected not have the Sheriffs' Association appear on his behalf when participating in the MOU's formal grievance procedure.

section of the MOU he claimed had been violated, Deputy Van Du identified the same grievance procedure provisions, "Article 16, Appendix B." Finally, in response to the form's direction to "[s]tate in concise language the issue(s) to be arbitrated," Deputy Van Du wrote, "Contesting the facts contained under LASD IV 2467465 which resulted in a written reprimand."

### C.     The Trial Court Denies Van Du's Writ Petition

Deputy Van Du's briefing in support of his mandate petition argued the Commission's rule that all arbitration requests must be initiated by the Sheriffs' Association was contrary to section 5.04.070 of the County's Employee Relations Ordinance, which provides that all County employees "shall have the right to represent themselves individually in their employment relations with the county." Deputy Van Du argued further in his brief supporting the petition that the Commission's rule was also contrary to Government Code section 3502, which, in pertinent part, provides: "Public employees . . . shall have the right to represent themselves individually in their employment relations with the public agency."

The Commission opposed Deputy Van Du's request for mandate relief. The Sheriffs' Association intervened in the action and also opposed the mandate petition. Both parties argued, among other things, that the right to arbitration is a matter of contract and the MOU vested the Sheriffs' Association, not individual employees, with the discretion to decide which grievances should proceed to arbitration.

In January 2022, the trial court held a hearing on Deputy Van Du's writ petition and denied it. The court found the MOU's grievance provisions were best read to authorize only the Sheriffs'

7

Association to initiate an arbitration and that such a reading was consistent with California case law interpreting the right to self-representation in the context of collective bargaining agreements. The trial court also rejected Deputy Van Du's contention that he was, in fact, represented by the Sheriffs' Association at the time of his arbitration request by virtue of his membership in that organization; such an interpretation, the court concluded, would render operative language in the MOU grievance provisions (e.g., "only if he/she is represented by[the Sheriffs' Association]") "superfluous."

## II.  DISCUSSION

Deputy Van Du contends the trial court's interpretation of who can initiate an arbitration under the MOU was not only incorrect but also "inconsistent" with state and local law.  We doubt that in light of, among other things, the aforementioned paragraph 3 of the arbitration section of the MOU (explaining how the Sheriffs' Association may initiate an arbitration if the association so desires).  But even if Deputy Van Du were right about who can initiate an arbitration, affirmance is still required. (*Rutgard v. City of Los Angeles* (2020) 52 Cal.App.5th 815, 825; see also *Williams v. Superior Court* (2013) 221 Cal.App.4th 1353, 1361 [customary rule of appellate practice is to review a trial court's ruling, not its rationale].)  Our reasoning will not take long to explain.

Deputy Van Du does not dispute arbitration is a matter of contract and, thus, he can only be permitted to initiate an arbitration against the Department or the County if some contract so provides.  (See, e.g., *Brinkley v. Monterey Financial Services, Inc.* (2015) 242 Cal.App.4th 314, 330-331.)  The only

8

contract providing such a basis that has been proffered by Deputy Van Du is the MOU.

The MOU, however, specifies those disputes that are subject to arbitration—no matter who or what entity requests arbitration. It says: "Only those grievances which directly concern or involve the interpretation or application of the specific terms and provisions of this [MOU] and which are brought by an employee who was represented by [the Sheriffs' Association] in any steps of the grievance procedure may be submitted to arbitration hereunder." Deputy Van Du's first amended writ petition does not allege his grievance directly concerns or involves the interpretation or application of the specific terms and provisions of the MOU. It instead alleges Deputy Van Du's grievance concerns a violation of some otherwise unspecified "Policy of Equality."

The arbitration request form that Deputy Van Du completed and attached to his writ petition makes it even more plain that there is no arbitrable dispute alleged here. In response to a prompt on that form requiring Deputy Van Du to state the issue to be arbitrated, Deputy Van Du stated he wished to contest the facts (contained under LASD IV 2467465) that resulted in a written reprimand. It perhaps goes without saying, but a desire to contest facts relied on to issue a reprimand does not concern the interpretation or application of the MOU's terms or provisions.[4] The Commission therefore cannot have violated a

---

[4] Insofar as Deputy Van Du contends his petition avers there is an arbitrable dispute under Article 26 of the MOU (a single paragraph concerning "management rights"), the contention fails for multiple reasons. First, it is at odds with the arbitration

ministerial duty to grant Deputy Van Du's request for arbitration—the dispute is not arbitrable. A writ of mandate was properly denied. (Code Civ. Proc., § 1085.)

request form he attached to his petition, which identifies Article 16, Appendix B, not Article 26, as the portion of the MOU he claimed had been violated. Second, the MOU's subject matter arbitration provision states only disputes that "directly" concern or involve the interpretation or application of the specific terms and provisions of the MOU are arbitrable; a roundabout invocation of Article 26 in an effort to facilitate his desire to contest the facts leading to his discipline would transgress this limitation to direct interpretation or application matters. Third, even if Deputy Van Du had invoked Article 26, he still does not allege any practical consequence the written reprimand had on the conditions of his employment.

DISPOSITION

The judgment is affirmed.  Respondents are awarded costs on appeal.


NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS


BAKER, J.

We concur:


RUBIN, P. J.


KIM, J.


11